**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | Case No. 3:22-cv-00028-KC |
| | § | |
| **TEXANA BANK, NA CORPORATION** | § | |
| *Defendant.* | § | |

**DEFENDANT'S UNOPPOSED AMENDED MOTION TO SET ASIDE ENTRY OF**
<u>**DEFAULT AND MEMORANDUM IN SUPPORT**</u>

## STATEMENT OF ISSUES

The Court should set aside Entry of Default because Texana was never served, has a meritorious defense, was not willful or culpable in failing to answer, and because the entry of a default judgment in this matter would lead to unfair results given Texana's due diligence in quickly responding to and correcting the default. Plaintiff has indicated by electronic mail that he does not oppose this motion.

**I.      INTRODUCTION**

1. Defendant, Texana Bank, NA Corporation requests the Court to set aside the Entry of Default, as authorized by Federal Rule of Civil Procedure 55(c)

2. Plaintiff is Brandon Callier ("Plaintiff").

3. Defendant is Texana Bank, NA Corporation ("Texana").

4. Pursuant to a Complaint filed January 18, 2022, Plaintiff sued Texana for alleged violations of the Telephone Consumer Protection Act, certain Federal Communications Commission regulations, and the Texas Business and Commerce Code. *See Docket Record; Complaint; Doc. 1.*

**II.     FACTUAL BACKGROUND**

5. Summons was purportedly issued to Texana on the date of filing in the care of an individual by the name of Daniel Hacker to an address in Florida. However, the Court's Docket Record reflects no record of a summons with the required court seal having ever been issued to Texana. Yet, on February 22, 2022, Plaintiff filed a signed Proof of Service, indicating that Daniel Hacker was designated by law to accept service on behalf of Texana and that he had been served with suit on Texana's behalf. *See Docket Record; Proof of Service; Doc. 6.*

6. On February 25, 2022, the Clerk entered a default against Texana. *See Docket Record; Entry of Default; Doc. 8.*

7. Plaintiff then filed a Request for Entry of Default Judgment for Sum Certain (identified on the Court's Docket as Motion for Clerk's Entry of Default) on March 1, 2022. *See Docket Record; Request for Entry of Default Judgment; Doc. 9.*

8. It was not until March 8, 2022, that Plaintiff then attempted to provide notice by certified mail to Texana by forwarding documents attached hereto and incorporated by reference as Exhibit "B" to the Affidavit of John Rountree. Interestingly, the only copy of the purported summons to Texana was included as Exhibit B to the affidavit with no docket number and no court seal. *See* Ex. 1, *Affidavit of John Rountree.*

9. Upon further investigation, John Rountree learned that Daniel Hacker was previously employed with Texana Mortgage some years ago but was no longer employed there at the time of the filing of the Complaint in this matter on January 13, 2022. *See id.* As such, service was insufficient under the Federal Rules of Civil Procedure given that Daniel Hacker was not a proper agent or representative of Texana for purposes of service.

10. Thus, despite the Proof of Service filed of record by Plaintiff on February 2, 2022, Texana never received service of summons or the Complaint in the above-captioned matter until the March 14, 2022, letter arrived in Linden, Texas with the Entry of Default. *See id.* Thus, Texana was unable to Answer timely or otherwise defend on or before the stated answer deadline of February 22, 2022.

11. Therefore, Texana requests the Court to set aside the clerk's Entry of Default. Texana immediately sought counsel and filed this motion with all due diligence after learning of the Entry of Default.

12. Texana has contemporaneously filed herewith its Motion for Leave to File Late Defendant's Original Answer Subject to Motion to Dismiss conditioned upon the granting of the Unopposed Amended Motion to Set Aside Entry of Default and incorporates the same herein by reference.

**III.  ARGUMENT**

**A. Legal Standard**

13. A court may grant a motion to set aside an entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c); *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 966 (D.C. Cir. 2016); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). In determining whether there is good cause, the court should generally consider (1) the prejudice to plaintiff if the default is set aside, (2) the existence of a meritorious defense, and (3) defendant's culpable conduct. *Gilmore*, 843 F.3d at 966; *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010).

**B. Good cause exists to set aside the Clerk's Entry of Default.**

14. In this case, there is good cause to set aside the default in this case for the following reasons:

   a. Setting aside the Entry of Default in this case will not prejudice the Plaintiff. *JMB Mfg., Inc. v. Child Craft, LLC*, 779 F.3d 780, 792-93 (7th Cir. 2015); *Indigo Am., Inc., 597 F.3d at 4.* Specifically, Texana, with all due diligence, took quick action to correct the default as soon as notified my mail on March 14, 2022, of the Clerk's Entry of Default and prior to the Court's entry of Judgment for Sum Certain by Default. Having not been previously served in any manner, the Unopposed Amended Motion to Set Aside Entry of Default is the first time Texana has been provided with an opportunity to defend in this matter. *See* Ex. 1 *Affidavit of John Rountree and attached Exhibits A & B.*

   b. Defendant has a meritorious defense, which Texana intends to show in answering the allegations of suit conditioned upon the setting aside of the Entry of Default and the granting of Defendant's Unopposed Amended Motion for Leave to File Late

    Defendant's Original Answer Subject to Motion to Dismiss and incorporates the same herein by reference. *Parker v. Scheck Mech. Corp.*, 772F.3d 502, 505 (7th Cir. 2014); *Indigo Am., Inc.*, 597 F.3d at 4-5. Specifically, Texana intends to plead and show in its Answer Subject to Motion to Dismiss that this matter should be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim upon which relief may granted, improper venue, insufficient or improper service to Texana, failure to join a required party, failure to properly plead, and other grounds. Likewise, Texana would plead that certain affirmative and other defense would constitute a complete defense to Plaintiff's allegations, including express consent, no use of an automatic dialing system, no vicarious liability for the actions of a third party, ratification, waiver, estoppel, unclean hands, lack of standing, failure to mitigate damages, good faith, and constitutional violations.

c.    Defendant's failure to answer and appear herein was not willful, deliberate, intentional, or culpable. *Swaim v. Moltan Co.*, 73 F.3d 711,722 (7th Cir. 1996); *Indigo Am., Inc.*, 597 F.3d at 3; *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Specifically, notice to Texana was wholly insufficient with no service or notice of this matter until such time as John Rountree, the Chairman and CEO of Texana received a certified mail envelope from Plaintiff with multiple documents including an Entry of Default on March 14, 2022. *See* Ex. 1, *Affidavit of John Rountree and attached Exhibits A & B incorporated herein by reference.* As reflected in said affidavit, the service upon which Plaintiff relies was improper having been sent to a former employee of Texana in Florida who was neither an agent nor representative of the company at the time suit was filed. Therefore, having never been served or

provided with notice, Texana had no opportunity to timely Answer or defend on this matter. *See id.*

   d.   Other factors showing good cause to set aside the default are that entry of default under the circumstances would lead to a harsh and unfair result. Moreover, Texana acted with due diligence to expeditiously correct the default as previously stated and affirmed by the Affidavit of John Rountree. *See Perez*, 774 F.3d at 1337 n.7; *Indigo Am., Inc.*, 597 F.3d at 3; *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

## IV.   CONCLUSION

15.   In summary, the Court should grant the Unopposed Amended Motion to Set Aside Entry of Default because Texana was never served, has a meritorious defense, was not willful or culpable in failing to answer, and because the entry of a default judgment in this matter would lead to unfair results given Texana's due diligence in quickly responding to and correcting the default.

16.   For these reasons, Texana asks the Court to set aside the Entry of Default and for other and further relief to which Texana may be entitled.

### CERTIFICATE OF CONFERENCE

I certify that on March 23, 2022, I conferred with Brandon Callier, pro se, via electronic mail, and he is unopposed to Defendant's Amended Motion to Set Aside Entry of Default.


By: /s/ *Chantel Crews*
      Chantel Crews

Respectfully submitted,

AINSA HUTSON HESTER & CREWS LLP
5809 Acacia Circle
El Paso, Texas 79912
Tel:   (915) 845-5300
Fax:   (915) 845-7800

**And**

*Pro Hac Vice Application Pending*
Brent M. Langdon
State Bar No. 11902250
blangdon@ldatty.com
LANGDON✴DAVIS, L.L.P.
5904 Summerfield
Texarkana, Texas 75505-5547
Tel:   (903) 223-3246
Fax:   (903) 223-5227

By: */s/ Chantel Crews*
    Chantel Crews
    State Bar No. 24007050
    ccrews@acaciapark.com

*Attorneys for Defendant, Texana Bank, NA Corporation*

## CERTIFICATE OF SERVICE

This is to certify that on March 23, 2022, a true and correct copy of the following instrument was served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure as reflected below:

Brandon Callier                        *Via CM/ECF*
6336 Franklin Trail Drive
El Paso, Texas 79912
E-mail:  Callier74@gmail.com
*Pro Se Plaintiff*

By: */s/ Chantel Crews*
    Chantel Crews
    *Attorneys for Defendant*